# EXHIBIT B

At an IAS Term, Commercial Part 9 of the
Supreme Court of the State of New York, held
in and for the County of Kings, at the
Courthouse, at Civic Center, Brooklyn,
New York, on the 19th day of April, 2018.

P R E S E N T :

HON. DAVID B. VAUGHAN,
                    Justice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CCRF 2007-MF1 EAST 53 COMPLEX, LLC,
a Delaware Limited Liability Company,

                                                            DECISION AND ORDER

                    Plaintiff,

        - against -                                         Index No. 9290/2014

ABRAHAM W. REALTY CORP., JASMINE CULZAC, NEW YORK        Mot. Seq. No. 3, 6, 8, 9
STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK
STATE DEPARTMENT OF FINANCE, NEW YORK CITY
DEPARTMENT OF FINANCE, UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, FIA CARD SERVICES, N.A.,
CRIMINAL COURT OF THE CITY OF NEW YORK, DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY
OF NEW YORK, NYC BUREAU OF HIGHWAY OPERATIONS, EAST
53 BSD LLC c/o SOLOMON SINGER, ALEXANDER LEVKOVICH,
ESQ., JUDITH CULZAC, JOMAR HOLMES, IAN R. HOSANG,
DENISIAL HOLMES, NYCTL 2011-A TRUST, THE BANK OF NEW
YORK MELLON as Collateral Agent and Custodian for the
NYCTL 2011-A Trust, and NYCTL 2014-A, MTAG
SERVICES, LLC, TOWER CAPITAL MANAGEMENT, LLC and
"JOHN DOE," "JANE DOE," "DOE ASSOCIATES" and "DOE CORP.,"
the names being fictitious and being intended to refer to any
and all adult natural persons and to all partnerships, corporations
and other legal entities having, or which may claim to have, any
lien against or interest in the Real Property described in the
complaint in this action, other than persons or entities already
defendants herein,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

The following papers numbered 1 to 7 read herein:                    Papers Numbered

Notice of Motion/Order to Show Cause/Petition/
Cross Motion and Affidavits (Affirmations) Annexed _____     1-4 and exhibits

Opposing Affidavits (Affirmations)_____     5-7 and exhibits

Upon the foregoing papers, the plaintiff CCRF 2007-MF1 EAST 53 COMPLEX, LLC (CCRF) moves in Seq. No. 3 for an order appointing a temporary receiver for the property that is the subject of this foreclosure action.  The plaintiff further moves in Seq. No. 6 for an order, pursuant to CPLR § 3211 [a][1], [a][3], [a][7] and [b], dismissing the affirmative defenses and counterclaims of defendant East 53 BSD LLC c/o Solomon Singer (East 53 BSD).  Finally, the plaintiff moves in Seq. No. 8 for an order: (1) pursuant to CPLR § 3215, for a default judgment against non-answering defendants, (2) pursuant to RPAPL § 1321, directing that this action be referred to a referee to compute the amount allegedly due the plaintiff and to examine and report whether the underlying property can be sold in one or more parcels; and (3) amending the caption of the action.  Defendant East 53 BSD moves in Seq. No. 9, by Order to Show Cause, for an order pursuant to CPLR § 2201 staying all proceedings in this action and a declaratory judgment that (1) the plaintiff is not a bona fide mortgagee and that (2) no enforceable mortgage exists.

For the reasons that follow, plaintiff's motion Seq. No. 3, seeking appointment of a temporary receiver, is denied without prejudice.  Plaintiff's motion Seq. No. 6, seeking dismissal of defendant East 53 BSD's affirmative defenses and counterclaims is granted with respect to the defendant's first through sixth and eighth through thirteenth affirmative defenses as well as all of defendant's counterclaims; it is denied with respect to defendant's seventh affirmative defense.  The

branch of plaintiff's motion Seq. No. 8 seeking a default judgment is denied, with prejudice, as untimely.  The branch of plaintiff's motion Seq. No. 8 seeking an Order of Reference is denied without prejudice.  The branch of plaintiff's motion Seq. No. 8 seeking to amend the caption to remove dismissed defendants[1] and "Doe" defendants is granted in part and denied in part. Defendant East 53 BSD's Order to Show Cause is denied in its entirety.

### *Background*

This action affects a commercial property known as and located at 87-91 East 53rd Street Brooklyn, New York (Block 4623, Lot 60) in the County of Kings (the property).[2]  The plaintiff claims that on or about October 11, 2007, defendant Abraham W. Realty Corp. (the Borrower) executed and delivered to Countrywide Bank FSB an Amended and Restated Promissory Note (the Note) in the principal amount of $2,300,000 and a mortgage naming Countrywide Bank FSB (Countrywide) as both lender and mortgagee.  The mortgage loan consolidated three (3) existing mortgages from various lenders as well as an additional loaned amount from Countrywide.[3]  It was recorded in the City Registrar's Office on October 30, 2007, under City Registrar File Number (CRFN) 2007000546500.[4]  On the same day, the Borrower executed and delivered to Countrywide a Mortgage, Consolidation, Extension and Modification Agreement (CEMA) as well as an

---

[1]    Plaintiff states inaccurately that certain defendants were dismissed.  The referenced defendants were released via voluntary discontinuance filed with the court on March 22, 2017.

[2]    *See* Aff. in Support of Motion for Appointment of a Temporary Receiver,¶ 3 .

[3]    *See* Pl. Notice of Motion Ex. "1," Complaint and Annexed Exhibits, Nov. 2, 2016.

[4]    *See* Aff. in Support of Motion, ¶ 3.

Assignment of Leases and Rents, as security for repayment of the Note. Each of these agreements granted to Countrywide a lien on the subject premises.[5]

The plaintiff avers that it became the holder of the Note and Mortgage through a series of purported assignments which resulted in the transfer of the loan documents to plaintiff on or about March 5, 2014.[6]   Plaintiff further asserts that "an event of default exists" as a result of the Borrower's failure to make all of the required payments as provided for in the Note and CEMA, entitling it to the remedy of foreclosure.[7]   Plaintiff commenced this action by the filing of a Notice of Pendency on June 20, 2014 and the service of a Summons and Complaint upon defendants Abraham W. Realty Corp., New York State Department of Taxation and Finance, "Doe" defendants and Jasmine Culzac. On January 23, 2017, the plaintiff entered into a Stipulation with defendant Abraham W. Realty, whereby plaintiff agreed to withdraw its motion for a default judgment and for an Order of Reference, in exchange for defendant's consent to the appointment of a temporary receiver, as well as to allowing plaintiff to serve and file an amended complaint. On March 2, 2017, the plaintiff filed an Amended Summons and Complaint, naming additional defendants.[8]

Defendant East 53 BSD LLC served and filed a Verified Answer with Counterclaims on May 1, 2017, asserting thirteen (13) affirmative defenses and five (5) counterclaims. In support of its Order to Show Cause, defendant East 53 BSD further argues that it is the title owner of the subject

---

[5]        *See* Aff. in Support of Motion, ¶ ¶ 7-8.

[6]      .   *See* Aff. in Support of Motion, ¶ 12.

[7]        *See* Aff. in Support of Motion, ¶ ¶ 13-14.

[8]        *See* Pl. Notice of Motion, Aug. 8, 2017.

4

property[9] and that the plaintiff therefore may not enforce any of the terms of the security instrument. It additionally contends that the October 11, 2007 Mortgage from defendant Abraham W. Realty to Countrywide, now purportedly held by the plaintiff, is void. For the purpose of deciding the within motions, the court has considered all of Defendant East 53 BSD's affirmative defenses and counterclaims and hereby dismisses all of them with the exception of its seventh affirmative defense, that of lack of standing.

### *Plaintiff's Motion for a Temporary Receiver*

By the terms of the Amended and Restated Mortgage, the lender is entitled to the appointment of a receiver for the subject property, upon the occurrence of an event of default.[10] The appointment of a receiver is necessarily incident to maintaining a foreclosure action— since the mortgage without the note is a legal nullity, enforcement of any term of the mortgage depends on the lender's ability to enforce the note (Deutsche Bank Trust Co. Americas v Vitellas, 131 A.D.3d 52, 59 [2d Dept 2015]; Bank of NY v Silverberg, 86 A.D. 274, 280 [2d Dept 2011]; CitiMortgage, Inc. v Rosenthal, 88.D.3d 759, 761 [2d Dept 2011]). Any party with a legal or equitable interest in the property that is the subject of a foreclosure action may assert the affirmative defense of standing, regardless of whether it was a party to the initial mortgage transaction at issue, since the action will

---

[9]     *See* Def. Order to Show Cause, Aff. Of Solomon Singer in Support of Order to Show Cause, Aug. 10, 2017, ¶¶ 4-8.

[10]    *See* Pl. Ex. "B," Amended and Restated Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, Oct. 11, 2007, Sec. 6.2[c], which states, in pertinent part, that "If an Event of Default shall have occurred, then: ...Mortgagee, to the maximum extent permitted by law, shall be entitled, as a matter of right, to the appointment of a receiver of the Property, without notice or demand, and without regard to the adequacy of the security for the Loan Obligations or the solvency of the Mortgagor.  Mortgagor hereby irrevocably consents to such appointment and waives notice of any application therefor."

ultimately be determinative of the rights of all lienors, debtors and tenants as well as anyone with a claimed fee interest. Defendant East 53 BSD claims such a fee interest, being the title owner of the property.[11] As such, its rights might be prejudiced absent its ability to assert the defense. Where, as here, a defendant properly raises the affirmative defense of standing in an answer or pre-answer motion to dismiss,[12] the plaintiff, in order to be entitled to the relief requested, must show that it was the holder or assignee of the note and mortgage at the time of commencement of the action (Deutsche Bank Trust Co., supra at 59 [2d Dept 2015]; Nationstar Mortg., LLC v Catizone, 127 A.D.3d 1151, 1152 [2d Dept 2015]; Bank of NY, supra at 279 [2d Dept 2011]; CitiMortgage, Inc., supra at 761 [2d Dept 2011]; Wells Fargo Bank Minnesota, Nat. Ass'n v Mastropaolo, 42 A.D.3d 239, 250 [2d Dept 2007]). The note is evidence of the debt obligation and the mortgage passes with it "as an inseparable incident" (Deutsche Bank Trust Co., supra at 59 [2d Dept 2015][internal citations omitted]). Thus, a plaintiff may demonstrate standing by showing either physical delivery of the note or a written assignment of the note (id. See also GRP Loan, LLC v Taylor, 95 A.D.3d 1172, 1174 [2d Dept 2012]).

CCRF claims that it is the assignee of the Note through a series of assignments of the collective loan documents[13] (the Loan Documents) from the original lender to the plaintiff.

---

[11] Defendant East 53 BSD LLC was the prevailing party in a separate action to quiet title to the property. See Def. Order to Show Cause Ex. "F," Order Dated Sept. 30, 2016, Kings Cty. Sup. Ct. Index No. 514190/2015.

[12] Plaintiff accepted service of Defendant East 53 BSD LLC's Verified Answer with Counterclaims, thus deeming it timely.

[13] Each Corrective Assignment of Mortgage purports to assign "all of the Assignor's right, title and interest in and to the mortgage loans... and all other loan documents executed in connection therewith... TOGETHER WITH all rights accrued or to accrue under the Mortgage, any and all promissory note(s) and the obligations described therein, the debt and claims secured thereby, and all sums of money due and to become due thereon, with interest as provided for therein."

However, the chain of assignments of the Mortgage produced by the plaintiff in support of its claim is incomplete. Specifically, the recorded Assignments of Mortgage[14] annexed to plaintiff's motion are inconsistent with the recitations contained in plaintiff's Affirmation in Support.[15] Moreover, documentary proof of two (2) of the alleged assignments[16] is absent. The affidavit of plaintiff's officer, Ryan Lagan, is insufficient to overcome this defect since, although it states that plaintiff was the holder of the Loan Documents at the time of the commencement of the action,[17] it does not attest to the affiant's personal knowledge of any facts or circumstances related to physical delivery of the Note (Deutsche Bank Nat. Trust Co. v Cunningham, 142 A.D.3d 634, 635-36 [2d Dept 2016]; U.S. Bank, N.A. v Collymore, 68 A.D.3d 752, 754 [2d Dept 2009]).

As the plaintiff has failed to show that it is the holder or assignee of the Note and therefore entitled to enforce same, the plaintiff's motion for the appointment of a receiver is denied without prejudice.

---

[14]   See Pl. Ex. "E," Corrective Assignment of Mortgage, Mar. 19 2013; Pl. Ex "F," Assignment of Mortgage, Consolidation, Extension and Modification Agreement, May 31, 2013; Pl. Ex "F," Assignment of Mortgage, Consolidation, Extension and Modification Agreement and Other Loan Documents, Mar. 5, 2014.

[15]   See Pl. Aff. Of Regularity, July 27, 2017, ¶ ¶ 13-15. By its attorney, plaintiff CCRF 2007-MF1 East 53 Complex, LLC avers that the original lender assigned the Loan Documents to LaSalle Bank National Association, which in turn assigned the Loan Documents to U.S. Bank National Association, which finally assigned them to the plaintiff. The recorded Assignments of Mortgage, in contrast, indicate a series of assignments from Bank of America, N.A. to Wells Fargo, N.A., from Wells Fargo, N.A. to U.S. Bank National Association and from U.S. Bank National Association to the plaintiff, respectively.

[16]   The plaintiff has offered no documentation of the purported assignment from Countrywide Bank FSB (the original lender) to LaSalle Bank National Association and no explanation or documentation as to how the Loan Documents came to be transferred from LaSalle Bank National Association to Bank of America, N.A.

[17]   See Pl. Aff. In Support of Motion for Appointment of a Receiver, Oct. 26, 2016, ¶ 14.

## *Plaintiff's Motion for Default Judgment*

Pursuant to CPLR § 3215, a plaintiff may seek a default judgment against any defendant that has failed to appear or answer within the time allowed (CPLR § 3215[a]; *see also* HSBC Bank USA, Nat. Ass'n v Traore, 139 A.D.3d 1009, 1011 [2d Dept 2016]; Klein v St. Cyprian Properties, Inc., 100 A.D.3d 711, 712 [2d Dept 2012]).  In order to be entitled to such relief, the plaintiff must take steps toward the entry of judgment within a year after the default and must file proof of service of the Summons and Complaint, along with proof of (1) the facts constituting the claim, (2) the default and (3) the amount due (CPLR § 3215[c]; CPLR § 3215[f]; *see also* State of New York Mortg. Agency v Linkenberg, 150 A.D.3d 1035, 1037 [2d Dept 2017]; HSBC Bank USA, Nat. Ass'n, *supra* at 1010-11 [2d Dept 2016]; Klein, *supra* at 712 [2d Dept 2012]).

The plaintiff filed its Summons and Complaint on June 20, 2014 and the time within which to appear or plead expired on July 10, 2014.  Thus, the plaintiff had until July 10, 2015 to take proceedings for the entry of judgment.  A review of the court file demonstrates that the plaintiff submitted an ex parte Order of Reference on October 2, 2014, which was declined for need of correction.  The plaintiff failed to take any other action with respect to correcting the proposed order or seeking a default judgment until April 20, 2016– by way of a subsequent motion made more than ten (10) months beyond the deadline to do so.  Plaintiff's motion for a default judgment must thus be denied as untimely.

8

### *Plaintiff's Motion for an Order of Reference*

The plaintiff seeks an order referring this matter to a referee to compute the amounts allegedly due to it, and to examine and report whether the subject property can be sold in one or more parcels.[18]  In light of the plaintiff's failure to demonstrate that it has standing to enforce the Note and Mortgage, as discussed herein above, the application for an Order of Reference is denied without prejudice.

### *Amendment of the Caption*

As it is uncontested that by a Voluntary Stipulation of Discontinuance dated March 13, 2017 and filed on March 22, 2017, this action was discontinued against defendants NYCTL 2011-A Trust, the Bank of New York Mellon as Collateral Agent and Custodian for the NYCTL 2011-A Trust and NYCTL 2014-A, MTAG Services, LLC and Tower Capital Management, LLC; and as it is uncontested that "Doe Associates" and "Doe Corp." are fictitious business entities; and inasmuch as the plaintiff has annexed proof of service of the Amended Summons and Complaint upon all business entities that have recorded interests in the subject property, the branch of plaintiff's motion seeking to amend the caption of this action is granted without opposition as to the foregoing parties.  However, it is denied with respect to the "John Doe" and "Jane Doe" defendants, as the plaintiff has neither provided proof of service of the Amended Summons and Complaint upon tenants of the subject property, nor has it substituted any named

---

[18]     Plaintiff seeks an Order of Reference by motion filed on August 9, 2017.  A prior motion requesting the same relief was made on November 4, 2016 and withdrawn by Stipulation dated June 9, 2017.

tenants for the "John Doe" and "Jane Doe" defendants.  The caption, as amended, shall hereafter read as follows:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CCRF 2007-MF1 EAST 53 COMPLEX, LLC,
a Delaware Limited Liability Company,

          Plaintiff,

 - against -                                      Index No. 9290/2014

ABRAHAM W. REALTY CORP., JASMINE CULZAC, NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK
STATE DEPARTMENT OF FINANCE, NEW YORK CITY
DEPARTMENT OF FINANCE, UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, FIA CARD SERVICES, N.A.,
CRIMINAL COURT OF THE CITY OF NEW YORK, DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF
NEW YORK, NYC BUREAU OF HIGHWAY OPERATIONS, EAST 53
BSD LLC c/o SOLOMON SINGER, ALEXANDER LEVKOVICH, ESQ.,
JUDITH CULZAC, JOMAR HOLMES, IAN R. HOSANG, DENISIAL
HOLMES, "JOHN DOE" AND "JANE DOE," the names being
fictitious and being intended to refer to any and all adult natural
persons having, or which may claim to have, any lien against
or interest in the Real Property described in the complaint in
this action, other than persons or entities already defendants
herein,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

The Clerk of the court is directed to amend the caption in accordance herewith.

## Defendant East 53 BSD, LLC's Order to Show Cause

Defendant East 53 BSD, in its Order to Show Cause, seeks an order pursuant to CPLR §

2201 staying all proceedings in this action and a declaratory judgment that (1) the plaintiff is not

a bona fide mortgagee and that (2) the plaintiff does not have an enforceable mortgage.

The basis for defendant East 53 BSD's application to stay the proceedings is its

contention that it is the title owner of the subject property and that therefore, allowing the action

to proceed will cause it to suffer unjust and irreparable harm. A purchaser of property must

make reasonably diligent inquiries and investigations into recorded documents affecting the

subject property and is charged with knowledge of such facts and conditions as reasonable

diligence would reveal (Mortgage Electronic Registration Systems v Pagan, 119 A.D.3d 749,

753 [2d Dept 2014]; HSBC Mortg. Services, Inc. v Alphonso, 58 A.D.3d 598, 600 [2d Dept

2009]). In the case at bar, East 53 BSD must be presumed to have had notice that a mortgage

against the subject property in the amount of $2,300,000 was recorded in favor of Countrywide

Bank FSB, which had undergone a series of purported assignments but had not been satisfied

when East 53 BSD LLC took title to the property on October 7, 2014. Moreover, it took title

after the filing of the Notice of Pendency in this action and is deemed to have had constructive

notice of the litigation and of the Borrower's alleged default (see CPLR § 6501; Mortgage

Electronic Registration Systems, supra at 753 [2d Dept 2014]; Novastar Mortg., Inc. v Mendoza,

26 A.D.3d 479, 480 [2d Dept 2006]). Thus, even accepting as true that defendant East 53 BSD

is the title owner of the property, it took title subject to any existing mortgages and liens

encumbering the property and any future judgments respecting the same (Mortgage Electronic

11

Registration Systems, *supra* at 752-53 [2d Dept 2014]; Novastar Mortg., Inc., *supra* at 479-80 [2d Dept 2006]).  Such mortgages and liens are not extinguished by a mere transfer of title without a satisfaction; therefore, a plaintiff that is found to be the holder of the note and mortgage has a security interest that survives unaffected by a sale or transfer of the deed. Whether the plaintiff in this action is the holder of the Note and Mortgage is a question of fact to be determined at trial notwithstanding the denial herein of some of plaintiff's requested reliefs.

Defendant East 53 BSD further seeks a declaratory judgment that the plaintiff, CCRF, is not a bona fide mortgagee and that it does not have an enforceable mortgage.  While the defendant does not dispute that a mortgage of record exists,[19] it argues that the original mortgage given to Countrywide is a legal nullity because the property was conveyed by warranty deed to one Judith Culzac, on or about October 4, 2007,[20] whose interest was recorded on October 25, 2007, five (5) days before the mortgage to Countrywide was recorded.[21]

In assailing the validity of the mortgage given by the original borrower, defendant Abraham W. Realty Corp., to the original lender, Countrywide, defendant East 53 BSD is essentially advancing an argument that the mortgage executed on October 11, 2007 does not have priority over the Culzac Deed, since it was recorded on October 30, 2007, five (5) days after the deed to Judith Culzac was recorded.  This argument, however, is untenable.

New York's recording statutes, RPL § 290 *et seq.*, protect purchasers or encumbrancers

---

[19]     Defendant East 53 BSD admits in its papers the existence of the recorded mortgage, although it misstates the date of execution of the Amended Restated Promissory Note as October 11, 2017 when it was, in fact, executed on October 11, 2007. *See* Def. Aff. In Support of Order to Show Cause, Aug. 14, 2017, ¶¶ 11-12.

[20]     *Id.* at ¶ 10.

[21]     *Id.* at ¶ 13. *See also* Def. Ex. "B," Warranty Deed with Full Covenants ("Culzac Deed"), Oct. 4, 2007.

of real property against prior interests that are unrecorded, provided that the conveyances, contracts or assignments of such subsequent claimants are (1) made in good faith and (2) first duly recorded.  This race-notice statutory scheme gives priority to the conveyance recorded first, without notice of any other competing conveyance or interest, by a purchaser or encumbrancer for value (*see* NY Real Prop § 291; 139 Lefferts, LLC v Melendez, 156 A.D.3d 666, 667 [2d Dept 2017]; Sprint Equities (N.Y.), Inc. v Sylvester, 71 A.D.3d 664, 665 [2d Dept 2010]; *see also* Alliance Funding Co. v Taboada, 39 A.D.3d 784, 784 [2d Dept 2007]).

The language of RPL § 291 makes clear that it is intended to protect bona fide subsequent purchasers or encumbrancers.[22]  Thus, any claim of protection under the statutes must be analyzed from the perspective of the subsequent interest, looking back to the prior interest in order to determine priority.  The interests to be considered in the case at bar are: (a) the unrecorded Culzac Deed of October 4, 2007, (b) the unrecorded Countrywide Mortgage of October 11, 2007, (c) the recorded Culzac Deed of October 25, 2007 and (d) the recorded Countrywide Mortgage of October 30, 2007, respectively.  Defendant East 53 BSD's argument depends on a finding that the recorded Culzac Deed took priority over the unrecorded Countrywide Mortgage, i.e., that (c) took priority over (b).  This court does not so find.

Being first in time to record only satisfies the second prong of RPL § 291.  In order to be vested with priority, the claimant must also satisfy the first prong– the "good faith" prong– by demonstrating that it had no notice of a prior encumbrance.  "The status of good faith purchaser

---

[22]     The statute reads, in pertinent part: "Every such conveyance not so recorded is void as against any person who subsequently purchases or acquires by exchange or contracts to purchase or acquire by exchange, the same real property or any portion thereof ..." NY Real Prop § 291 [McKinney].

for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such" (Sprint Equities (N.Y.), Inc., *supra* at 665 [2d Dept 2010][internal quotation omitted]).

The record before this court evidences that the Warranty Deed conveying the subject property to Judith Culzac was signed by Judith Culzac herself, purportedly in her capacity as President of Abraham W. Realty Corp.[23] The subsequent mortgage given to Countrywide Bank FSB by defendant Abraham W. Realty Corp., holding itself out to still be the title owner of the subject property,[24] was signed by one Jasmine Culzac, also purportedly in her capacity as President of Abraham W. Realty Corp., the Mortgagor, on October 11, 2007.[25] Defendant

---

[23]   *See* Def. Ex. "B," Warranty Deed with Full Covenants ("Culzac Deed"), Oct. 4, 2007. The signature paragraph appears substantially as follows:

"IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

Abraham W. Realty Corp.
       [signature affixed]
By: JUDITH CULZAC - President"

[24]   Article 4 of the Mortgage, "Representations, Warranties and Covenants of Mortgagor," states in pertinent part, that "Mortgagor owns good, indefeasible, marketable and insurable title to the Property ..." Pl. Ex. "B," Amended and Restated Mortgage, Oct. 11, 2007, ¶ 4.3.

[25]   *See* Pl. Ex. "B," Amended and Restated Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, Oct. 11, 2007. The signature page appears substantially as follows:

"IN WITNESS WHEREOF, this Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing has been duly executed by Mortgagor as of the Closing Date set forth above.

**MORTGAGOR:**

Abraham W Realty Corp.,
A New York corporation

By:   [signature affixed]
Jasmine Culzac, President"

Abraham W. Realty, in opposing plaintiff's motion for the appointment of a receiver, does not allege that either of these conveyances was fraudulent or ultra vires.[26]  Consequently, although Judith Culzac "won the race" by recording her deed on October 25, 2007, she did so with actual or constructive knowledge of the fact that a mortgage, executed by herself or another agent of Abraham W. Realty with apparent authority, encumbered the property.  Having failed to satisfy the first prong of RPL § 291, her title interest is not entitled to the protection of the recording statutes.

Conversely, when Countrywide entered into the mortgage as Mortgagee and exchanged the consolidated loan amount of $2,300,000 as valuable consideration for the conveyance, it had no notice of the unrecorded Warranty Deed given to Judith Culzac one week earlier.  As against the unrecorded Culzac Deed, the unrecorded Countrywide Mortgage was an encumbrance made in good faith; and, having been recorded on October 30, 2007, it is entitled to the protection of the recording statutes.  This court thus finds that a valid and enforceable mortgage did attach to the property when the Countrywide Mortgage was recorded and there is no basis at law or equity for a declaratory judgment stating otherwise.

Defendant East 53 BSD's Order to Show Cause seeking a stay of the action pursuant to CPLR § 2201 and seeking a declaratory judgment that the Countrywide Mortgage is void and unenforceable is denied in its entirety.

---

[26] *See, generally,* Def. Aff. in Opposition to Motion for Appointment of Receiver, Jan. 9, 2017.

*Conclusion*

Accordingly, it is

ORDERED that plaintiff's motion Seq. No. 3, seeking appointment of a temporary receiver, and that branch of plaintiff's motion Seq. No. 8 seeking an order of reference, are denied without prejudice; and it is further

ORDERED that plaintiff's motion Seq. No. 6, seeking dismissal of defendant East 53 BSD LLC c/o Solomon Singer's affirmative defenses and counterclaims is granted with respect to the defendant's first through sixth and eighth through thirteenth affirmative defenses as well as all of defendant's counterclaims and denied with respect to defendant's seventh affirmative defense; and it is further

ORDERED that the branch of plaintiff's motion Seq. No. 8 seeking a default judgment is denied, with prejudice, as untimely; and it is further

ORDERED that the branch of plaintiff's motion Seq. No. 8 seeking to amend the caption is granted to the extent that defendants NYCTL 2011-A Trust, the Bank of New York Mellon as Collateral Agent and Custodian for the NYCTL 2011-A Trust and NYCTL 2014-A, MTAG Services, LLC and Tower Capital Management, LLC, "Doe Associates" and "Doe Corp." are deleted from the caption. It is denied as to defendants "John Doe" and "Jane Doe." The Clerk of the court shall amend the caption accordingly; and it is further

ORDERED that Defendant East 53 BSD LLC's Order to Show Cause in Seq. No. 9, seeking a stay of the proceedings in this action and a declaratory judgment, is denied in its entirety; and it is further

16

ORDERED that the temporary stay which was ordered on August 15, 2017 pending the hearing and determination of the within motions is hereby vacated and this action shall proceed. The parties are directed to appear for a Preliminary Conference on May 28, 2018 at 9:30 a.m., in the Intake Part.

Counsel for the plaintiff is directed to serve a copy of this Order with Notice of Entry upon all parties within twenty (20) days of the date of entry hereof.

This constitutes the DECISION and ORDER of the court.

E N T E R:

Hon. David B. Vaughan

J.S.C.

**HON. DAVID B. VAUGHAN**
**J.S.C.**

17